UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MEHUL SHARMA,

      Plaintiff,

v.

ANGELA D. CAESAR,

      Defendant.

Civil Action No. 24-cv-1406 (TSC)

## MEMORANDUM OPINION

*Pro se* plaintiff Mehul Sharma alleges that the Clerk of Court for the United States District Court for the District of Columbia and unnamed individuals in the Clerk's Office engaged in "high-level corruption" to delay the issue of summonses in cases he filed in this court. Compl. at 5–6, ECF No. 1.[1] The court will *sua sponte* dismiss the complaint because it fails to state a claim upon which relief can be granted. Accordingly, the court will deny each of Plaintiff's "Motion[s] to Request Judge to Investigate Why Summons Has Not Been Issued Yet," ECF Nos. 3 and 5 ("Motions to Investigate"), as moot.

While the court recognizes that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citations omitted). In the D.C. Circuit, a district court "may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6)

---

[1] Page numbers throughout this memorandum opinion refer to those that the Court's electronic filing system assigns.

without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Jafari v. United States*, 83 F. Supp. 3d 277, 279 (D.D.C. 2015), *aff'd*, 621 F. App'x 676 (D.C. Cir. 2015) (quoting *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012); *see also Tate v. Burke*, 131 F.R.D. 363, 365 (D.D.C. 1990) (courts may act *sua sponte* when the complaint "indisputedly" contains "no factual and legal basis for the asserted wrong").

Plaintiff alleges that he waited "more than five months to receive the summonses for either of my cases," and that once he received them, "two important summonses [Merrick Garland & Matthew M. Graves] were missing." Compl. at 5. He indicates that he communicated with the Clerk's Office, but claims—without any evidence—that the "Clerk's Office had purposefully not answered in order to allow the defendants to get their way and get me to submit to their wishes." *Id.* at 6. He concludes that unnamed individuals in the Clerk's Office are "criminals operating openly at influential positions without the fear of doing unlawful and illegal acts detrimental to the lives of the people, businesses and the unity of the nation." *Id.* The Complaint requests $1,000,000,000 in damages and "a thorough investigation into this matter and [to] have the same federal criminal codes as requested in my cases 1:23-cv-02583-TSC and 1:23-cv-02913-TSC be applied to all guilty parties including those orchestrating it behind the scenes." *Id.* at 6–7.[2]

Plaintiff fails to establish any legal basis for his claims or the court's jurisdiction to hear them. Plaintiff indicated that the basis for the court's jurisdiction is a federal question, but when directed to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United

---

[2] The court has separately addressed the facts underlying these allegations. *See Sharma v. Austin*, No. 23-cv-2913-TSC (D.D.C. Sept. 21, 2023), ECF No. 20.

States Constitution that are at issue in this case," Plaintiff wrote, "[s]tatutes requesting reasonable opportunity for further investigation or discovery in relevance to the complaint." *Id.* at 3.  Later, the Complaint asks for a "thorough investigation" and to "have the same federal criminal codes as requested in my cases 1:23-cv-02583-TSC and 1:23-cv-02913-TSC be applied." *Id.* at 6.  One of those cases alleges "an elaborate . . . conspiracy to enshackle and take over the United States of America" that involves agreements between the United States and India that constitute "acts of conspiracy, sabotage and enmity" against the United States and seeks an investigation under the U.S. Criminal Code.  *See Sharma v. Austin*, No. 23-cv-2913-TSC (D.D.C. Sept. 21, 2023), ECF No. 1.  Again, no specific statutes are listed.

Plaintiff's other case alleges "15+ years of harassment and torture" by the Department of Defense and other intelligence agencies, which allegedly maintain "project file or files" about Plaintiff because they seek access to a software program he developed.  *Sharma v. Austin et al.*, No. 23-cv-2583-TSC (D.D.C. Aug. 23, 2023), ECF No. 1 at 7–8.  It lists seven criminal statutes as the basis for jurisdiction, including:  definitional provisions, 18 U.S.C. § 2340; an anti-stalking statute, 18 U.S.C. § 2261A; provisions barring trade secret theft, 18 U.S.C. § 1832; an anti-terrorism statute, 18 U.S.C. § 2332b; a provision of the Wiretap Act criminalizing unauthorized interception of wire, oral, or electronic communications, 18 U.S.C. § 2511; and statutes criminalizing civil-rights violations, 18 U.S.C. §§ 241, 242.  Plaintiff states no plausible claim under the first five statutes— the Complaint provides no factual or legal basis for alleged wrongdoing by the Clerk's Office related to stalking, trade secret theft, terrorism, or wiretapping.  And while allegations of "high-level corruption" and conspiracy "to allow the defendants to get their way" may implicate the subject matter of sections 241 and 242, Plaintiff cannot state a claim under those provisions because they "are criminal statutes that do not provide a private

cause of action." *Boling v. United States Parole Comm'n*, No. 17-5285, 2018 WL 6721354, at *1 (D.C. Cir. Dec. 19, 2018).

Accordingly, it is "patently obvious" that Plaintiff cannot prevail based on the facts alleged in the complaint, and the complaint will be DISMISSED without prejudice. *Rollins*, 703 F.3d at 127. Plaintiff's Motions to Investigate will be DENIED as moot by virtue of this dismissal and the fact that a summons was issued on May 30, 2024. *See* Clerk's Entry, May 30, 2024. A separate Order of dismissal accompanies this Memorandum Opinion.

The Clerk of the Court shall mail a copy of this opinion to:

> **MEHUL SHARMA**
> The Lodge, Ballysallagh Lower
> Hacketstown, IE R93CT80

Date: August 9, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge